UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x
SILVIO MARTINEZ and GLADYS MARTINEZ, :
                            Plaintiff    :    <u>AMENDED</u>
·against·                        :    <u>COMPLAINT</u>
                                  :    <u>AND JURY DEMAND</u>
                                  :
                                  :    No. 17-CV-1983
THE CITY OF NEW YORK, and       :
POLICE OFFICER GERALD MORTIMOR,  :
POLICE OFFICER TIFFANY FLORES    :
And JOHN DOE #2 through JOHN DOE #5  :
of the NEW YORK CITY POLICE       :
DEPARTMENT                     :
                                  :
                 Defendant(s),  :      w2
————————————————————————x

## PRELIMINARY STATEMENT

1.     This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER GERALD MORTIMOR ("MORTIMOR") and POLICE OFFICER TIFFANY FLORES ("FLORES") and JOHN DOE #2 through JOHN DOE #5 of the New York City Police Department ("NYPD"), arising out of the false arrest, false imprisonment, assault, battery, and use of excessive force against SILVIO MARTINEZ and GLADYS MARTINEZ.

2.     On February 21, 2015 MORTIMOR, FLORES and JOHN DOE #2 through JOHN DOE #5 of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff SILVIO MARTINEZ and GLADYS MARTINEZ to, *inter alia*, false arrest, false imprisonment and detention, assault, battery and use of excessive force for acts of which plaintiffs were innocent. This unconstitutional and unreasonable seizure of the plaintiffs SILVIO MARTINEZ and GLADYS MARTINEZ as well the assault and battery and

use of excessive force against SILVIO MARTINEZ and GLADYS MARTINEZ was in violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.     The Plaintiffs, GLADYS MARTINEZ and SILVIO MARTINEZ, through their attorneys, complaining of the defendants, respectfully allege:

## JURISDICTION

4.     This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

7.     Plaintiffs at all times relevant hereto resided in the City and State of New York, County of the Bronx.

8.     That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9.     The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

2

10.    That at all times hereinafter mentioned, and on information and belief, the defendants MORTIMOR, FLORES and JOHN DOE #2 through JOHN DOE #5 and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11.    At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12.    That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13.    That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## NOTICE OF CLAIM

14.    Within 90 days of the occurrence of the incident, plaintiffs filed written Notice of Claim with the City of New York.  This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15.    On February 21, 2015 at approximately 6:10 a.m. at the corner of 192nd Street and St. Nicholas Avenue plaintiffs SILVIO MARTINEZ and

GLADYS MARTINEZ, who are brother and sister, were approached by MORTIMOR, FLORES and other members of the NYPD.

16.    Although plaintiffs explained that they were brother and sister and that there was no problem between them that required any police intervention, MORTIMOR called for "back-up" at which time other members of the NYPD including JOHN DOE #2 through JOHN DOE #5 appeared.

17.    Although both plaintiffs explained to MORTIMOR, FLORES and JOHN DOE #2 through JOHN DOE #5 that they were brother and sister and that there was no problem which required police intervention the defendants proceeded to grab SILVIO MARTINEZ and GLADYS MARTINEZ and throw them to the ground. The defendants than proceeded to punch, kick and handcuff SILVIO MARTINEZ.

18.    As a result of being thrown to the ground GLADYS MARTINEZ' back was injured. She also was traumatized by the incident and to this day continues to suffer from nightmares as result of the defendants" actions against her and her brother.

19.    As a result of being thrown to the ground SILVIO MARTINEZ suffered scratches and bruises all over his body, including but not limited to his face, chin, and right shoulder. He also suffered pain to his wrists from being handcuffed too tightly.

20.    As a result of their injuries both plaintiffs went to Albert Einstein College of Medicine to receive treatment for their physical injuries. In addition, plaintiff GLADYS MARTINEZ was hospitalized at Columbia Presbyterian for psychological injuries caused by the defendants.

21.    Although GLADYS MARTINEZ was never charged with any offense by the NYPD she was held in custody for approximately one-half hour at the location where her brother was arrested.

22.    SILVIO MARTINEZ was handcuffed and brought to the 34th preceint where he was given a summons that charged him with Disorderly Conduct (Penal Law § 240.20 (1)).

23.    He remained in custody for approximately five hours.

24.    At no time did plaintiff SILVIO MARTINEZ act disorderly.

25.    Plaintiff SILVIO MARTINEZ was handcuffed so tightly by defendants that plaintiff that he had almost no sensation in his wrists the entire day that he was arrested.

26.    On April 22, 2015, at New York County Criminal Court located at 346 Broadway, New York, New York, plaintiff SILVIO MARTINEZ' summons was adjourned in contemplation of dismissal (ACD'd).

27.    Plaintiff SILVIO MARTINEZ suffered physical pain & emotional distress because of his arrest and detention.

28.    The arrest of the plaintiff SILVIO MARTINEZ was committed by the defendants without legal process and without probable cause.

29.    Defendants acted maliciously and intentionally.

30.    As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, physical injury, embarrassment, humiliation, emotional distress, and loss of liberty and property.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

31.    Paragraphs 1 through 30 are herein incorporated by reference.

32.    Defendants subjected plaintiffs SILVIO MARTINEZ and GLADYS MARTINEZ to false arrest, imprisonment, and deprivation of liberty without probable cause.

33.    Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and

are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

34.    As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs were damaged in the sum of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiffs in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiffs punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

35.    Paragraphs 1 through 34 are incorporated herein by reference.

36.    Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiffs as a result of the conduct of its employees, agents, and servants.

37.    Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

38.    Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

39.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

40.     Defendant CITY OF NEW YORK has damaged the plaintiffs by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

41.     Defendants subjected plaintiffs to false arrest and false imprisonment and excessive force.

42.     Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiffs in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiffs punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.     Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

<u>THIRD CLAIM FOR RELIEF</u>
(FOURTH AMENDMENT)

43.     Paragraphs 1 through 42 are incorporated herein by reference.

44.     Defendant MORTIMOR, FLORES and JOHN DOE #2 through JOHN DOE #5 arrested and assaulted and battered plaintiff SILVIO

7

MARTNIEZ subjecting him to false arrest, imprisonment, excessive force and deprivation of liberty without probable cause.

45.    Defendant MORTIMOR, FLORES and JOHN DOE #2 through JOHN DOE #5 and other members of the NYPD illegally subjected plaintiff GLADYS MARTINEZ to false arrest, imprisonment, excessive force and deprivation of liberty without probable cause.

46.    That as a result of the foregoing, the plaintiffs have been deprived of their following rights, privileges and immunities secured to them by the constitution  and the laws of the  United States: the right to be secure in their person and effects against unreasonable search and seizure, and excessive force under the Fourth and Fourteenth Amendments; the rights  of the plaintiffs not to be deprived of life, liberty or property without due process of law  under  the  Fourth and Fourteenth  Amendments;  and the  right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

47.    Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiffs in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiffs punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

<u>FOURTH CLAIM FOR RELIEF</u>
(FOURTEENTH AMENDMENT)

8

48.     Paragraphs 1 through 47 are incorporated herein by reference.

49.     Defendants MORTIMOR, FLORES and JOHN DOE #2 through JOHN DOE #5 illegally arrested plaintiff SILVIO MARTINEZ subjecting him to false arrest, imprisonment, excessive force and deprivation of liberty without probable cause.

50.     Defendants MORTIMOR, FLORES and JOHN DOE #2 through JOHN DOE #5 and other members of the NYPD illegally subjected plaintiff GLADYS MARTINEZ to false arrest, imprisonment, excessive force and deprivation of liberty without probable cause.

51.     That as a result of the foregoing, the plaintiffs has been deprived of their following rights, privileges and immunities secured to them by the constitution and the laws of the United States: the right to be secure in their person and effects against unreasonable search and seizure, and excessive force under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

52.     Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiffs in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiffs punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (EXCESSIVE FORCE)

54.    Paragraphs 1 through 53 are herein incorporated by reference.

55.    Defendants, and other members of the NYPD, in throwing both plaintiffs SILVIO MARTINEZ and GLADYS MARTINEZ to the ground and punching, kicking and too tightly handcuffing plaintiff SILVIO MARTINEZ subjected plaintiffs to excessive force.

56.    Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

57.    As a result of the excessive force, false arrest, imprisonment, and deprivation of liberty, plaintiffs were damaged in the sum of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiffs in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiffs punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

10

## JURY DEMAND

Plaintiffs demands a jury trial.

Dated: New York, New York
          September 15, 2017

                                        FINK & KATZ, PLLC
                                        299 Broadway, Suite 1803
                                        NY, NY 10007


                              By:   *Isl* Jonathan A. Fink

                                    Jonathan A. Fink
                                    Plaintiffs' Attorney



**Attorney for Plaintiff**
Jonathan A. Fink
Fink & Katz, PLLC
299 Broadway, Suite 1803
New York, New York 10007
Telephone: (212) 385-1373
Fax: (212) 689-1710